# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LUVELL RONELL BLINKS,<br><br>Defendant | CASE NO. 1:17-CR-0248 AWI SKO<br><br>ORDER RE: DEFEDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. 31) |

## I. Background

On March 12, 2018, Defendant Luvell Ronell Blinks pled guilty to on count of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. He was sentenced to 60 months imprisonment. Defendant's projected release date is December 31, 2021. He is currently housed at USP Beaumont.

On April 20, 2020, Defendant filed a motion for compassionate release with this court; he asks to be allowed to serve his sentence under home confinement due to the COVID-19 pandemic. Doc. 31. Plaintiff United States filed an opposition to the motion. Doc. 32. Subsequently, on April 29, Defendant sent a letter by e-mail to the warden of USP Beaumont in which he asks for his sentence to be reduced to time served. Doc. 38-1. The warden denied his request by letter dated May 8. Doc. 38-2.

## II. Legal Standard

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States

v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances…defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.  Further, in addition to demonstrating "extraordinary and compelling circumstances," a prisoner must also show that he is no longer a danger to a specific person or the community. See United States v. Jones, 2020 U.S. Dist. LEXIS 144010, *8-*9 (N.D. Cal. Aug. 10, 2020); United States v. Dailey, 2020 U.S. Dist. LEXIS 139977, *3-*4 (E.D. Cal. Aug. 5, 2020); United States v. Pickard, 2020 U.S. Dist. LEXIS 130578, *15 (E.D. Cal. July 22, 2020).  "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, 2020 U.S. Dist. LEXIS 17139, *3 (C.D. Cal. Jan. 31, 2020), citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

### III. Discussion

The Third and Sixth Circuits have found that the administrative exhaustion requirement of Section 3582(c)(1)(A) is mandatory even in the context of COVID-19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system,

1  "Although the District Court's indicative ruling did not mention the exhaustion requirement, it
2  presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit
3  has held that "while judicially created exhaustion requirements may be waived by the courts for
4  discretionary reasons, statutorily-provided exhaustion requirements deprive the court of
5  jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S.
6  Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d
7  533, 541 (9th Cir. 2019). Consistent with Gallo Cattle and Shaw, numerous district courts,
8  including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s
9  exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS
10 113268, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS
11 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v.
12 Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States
13 v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited
14 therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020)
15 (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is
16 a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; United States v. Greenlove, 2020 U.S.
17 Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS
18 113268 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14,
19 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.
20     In this case, Defendant sent a letter to the warden of USP Beaumont on April 29. His
21 request was denied on May 8, within 30 days of his letter. He did not further challenge that denial
22 through the U.S. Bureau of Prisons. A defendant may file a motion to request compassionate
23 release only "after the defendant has **fully exhausted all administrative rights to appeal a**
24 **failure of the Bureau of Prisons to bring a motion on the defendant's behalf** or the lapse of 30
25 days from the receipt of such a request by the warden of the defendant's facility, whichever is
26 earlier." 18 U.S.C. § 3582(c)(1)(a), emphasis added. Thus, when a warden provides a timely
27 response to a defendant's letter, that defendant must first "fully exhausts all administrative rights
28 to appeal the Warden's denial of his administrative request for compassionate release." United

3

1 States v. Komoroski, 2020 U.S. Dist. LEXIS 105779, *11 (M.D. Pa. June 17, 2020).  Specifically,
2 "If the prison warden denies that request, the prisoner must appeal the denial through the BOP's
3 Administrative Remedy Procedure outlined in 28 C.F.R part 542, subpart B. See [Fed. Bureau of
4 Prisons, U.S. Dep't of Justice, Program Statement No. 5050.50, 'Compassionate
5 Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and
6 4205(g),' (Jan. 17, 2019), available at: https://www.bop.gov/policy/progstat/5050_050_EN.pdf] at
7 15 (citing 28 C.F.R. § 571.63). Thus, the same exhaustion procedure for routine administrative
8 grievances (i.e., the use of forms BP-9 through BP-11) applies to requests for compassionate
9 release." United States v. Ng Lap Seng, 2020 U.S. Dist. LEXIS 82044, *20 (S.D.N.Y. May 8,
10 2020); see also United States v. Pinson, 2020 U.S. Dist. LEXIS 93393, *8 (S.D. Tex. May 28,
11 2020) (no exhaustion when there was "a November 2019 email Pinson sent to the warden
12 requesting compassionate release, which the warden denied, and Pinson did not appeal"); United
13 States v. Amador Samuelo Faalaga, 2020 U.S. Dist. LEXIS 159479, *7-*8 (E.D. Cal. Sep. 1,
14 2020) (Ishii, J.) ("Defendant has merely waited more than 30 days since he submitted his request
15 for compassionate release to the Warden of Oakdale, even though he received a timely denial by
16 the Warden. Defendant has not pursued any further administrative remedies/appeals. Therefore,
17 Defendant has failed to exhaust his available administrative remedies, which is a jurisdictional
18 failure"); but see United States v. Meron, 2020 U.S. Dist. LEXIS 97687, *12 (E.D. Cal. June 2,
19 2020) (Mueller, J.) (leaving open the question of whether further appeal within BOP system after
20 denial of request by warden is necessary for administrative exhaustion).  In this case, Defendant
21 has not completed administrative exhaustion, depriving this court of jurisdiction to hear the
22 motion.

23 Even if Defendant had exhausted his request, he has not demonstrated the existence of
24 extraordinary and compelling circumstances.  A number of physical and medical conditions can
25 make an individual more susceptible to complications from COVID-19.  Defendant is 37 years
26 old, a former smoker (who smoked for a total of 20 years), and suffers from high blood
27 pressure/hypertension. Doc. 32, 6:19 and Doc. 31, at 3.  While smoking is a consideration, the
28 status of being a former smoker with no demonstrated lung damage does not increase the risk to an

extent sufficient to constitute an extraordinary circumstance. See United States v. Riggins, 2020 U.S. Dist. LEXIS 73375, *16 (D.D.C. Apr. 27, 2020) ("As for Mr. Riggins's status as a smoker, because he has not shown that he has any chronic lung disease or damage as a result of smoking (or that he is currently a smoker), he has not shown that his status puts him at a higher risk of severe illness [if] he contracts COVID-19"); United States v. Greene, 2020 U.S. Dist. LEXIS 138074, *7-8 (D. Me. Aug. 4, 2020) ("The CDC advises that being a 'former cigarette smoker may increase your risk of severe illness from COVID-19.' Given that Mr. Greene is only 40 years old and does not present with medical conditions that certainly elevate his risk from COVID-19, I do not find that he has established extraordinary and compelling grounds for release because he is a former smoker"). Similarly, high blood pressure/hypertension is a consideration, but it is pulmonary hypertension that is the more serious concern. United States v. Gonzales, 2020 U.S. Dist. LEXIS 147051, *10 (S.D. Cal. Aug. 14, 2020). Defendant's condition, taken as a whole, does not make him susceptible to COVID-19 in a manner that qualifies as an extraordinary circumstance. See Saxon v. United States, 2020 U.S. Dist. LEXIS 140341, *7 (S.D.N.Y. Aug. 5, 2020) ("even if he does have hypertension, being a smoker and having high blood pressure are common conditions and do not rise to the level of extraordinary and compelling circumstances warranting release"); United States v. Falci, 2020 U.S. Dist. LEXIS 108498, *11 (D.N.J. June 22, 2020) (Defendant's combined medical conditions of "obesity, hypertension, diverticulosis, diverticulitis, history of smoking, gallbladder removal, colon reconstruction, and age [60 years old]" are not sufficient for meeting the standard).

## IV. Order

Defendant's motion for compassionate release is DENIED.

IT IS SO ORDERED.

Dated:   September 4, 2020                             _____
                                                                          SENIOR DISTRICT JUDGE